UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**FRED J. CHAMBERS,**

      Plaintiff,

v.                                        Case No. 3:05-CV-352-J-MMH

**PAUL OWSLEY,**

      Defendant.

_____/

## ORDER

This cause is before the Court on Defendant's Motion for Judgment on the Pleadings (Dkt. 21), and Plaintiff's Motion to Remand (Dkt. 12). Upon consideration, the Court finds as follows:

Plaintiff, appearing *pro se*, filed this action in state court. Plaintiff's complaint alleges a breach of contract and breach of fiduciary responsibility as a result Defendant's compliance with a wage levy from the Internal Revenue Service; Plaintiff has a retirement plan with Greyhound, Inc. and Defendant is the plan manager for Greyhound. Defendant removed this case to this court on April 25, 2005.

Plaintiff's motion asserts that Defendant improperly removed this action and seeks to have this matter remanded to state court. Plaintiff argues that this Court does not have diversity jurisdiction over this case. However, as Defendant argues and this Court finds, Defendant properly removed this case pursuant to this Court's federal question jurisdiction; this case arises under a law of the United States, the Employee Retirement Income Security Act of 1974. Plaintiff is seeking to recover benefits due him under the terms of an ERISA plan and his state actions are completely

preempted by ERISA. Consequently, this action was properly removed from state court. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999). Thus, Plaintiff's Motion for Remand is denied.[1]

In Defendant's Motion to Dismiss, he contends that this action, although alleged to be brought against him in his individual capacity, is actually an action against him in his official capacity. As noted, Plaintiff's complaint appears to be seeking relief from a wage levy imposed by the Internal Revenue Service. Plaintiff does not allege that Defendant has failed to comply with any applicable sections of the Internal Revenue Code; instead, Plaintiff argues that Defendant by complying with the IRS's notice of levy breached its contract with him and fiduciary responsibilities to him. Accordingly, the Court finds that this action should be treated as one against Defendant in his official capacity.

Defendant's Motion to Dismiss also argues that he is immune from suit under Section 6332 which grants him immunity as the possessor of levied property. Section 6332(e) states that "Any person in possession of.... property...subject to levy....shall be discharged from any obligation or liability to the delinquent taxpayer..."

Even if the levy was potentially defective as Plaintiff claims, Section 6332(e) is a complete defense. *Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1998). As Defendant notes, he was acting as a fiduciary on behalf of Greyhound when he complied with the IRS tax levy. The only possible claims against Defendant would be based on an allegation that either he turned over funds that were subject to a prior execution or attachment or that he did not have a right to future pension benefits.

---

[1] On June 24, 2005, Plaintiff improperly filed a "reply" to his Motion to Remand. The pleading, as well as other pleadings filed by Plaintiff, argue that Defendant committed conversion. This assertion is wholly unsupported by the record.

2

Neither of these allegations are contained in the Complaint. Consequently, Plaintiff does not have grounds to challenge the tax levy; he was required to surrender the property to the IRS.

Further, this Court notes that a tax levy attaches to a "right to property" as well as actual property. Section 6331(a). Thus, Plaintiff is incorrect in his assertion that a valid tax levy can only attach to benefits due him at the time of levy. Lastly, Plaintiff's contention that a "notice of seizure" was required before the benefits were surrendered is also untenable. A notice of seizure is required after a seizure of tangible property to notify the owner of the pending sale. Section 6335(a) and (b). Thus, Plaintiff has failed to plead a legally cognizable cause of action against Defendant. Defendant's motion is granted.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Remand (Dkt. 11) is **DENIED**.

2. Defendant's Motion for Judgment on the Pleadings (Dkt. 21) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

3. The Clerk is **DIRECTED** to enter Judgment in favor of Defendant and against Plaintiff.

**DONE AND ORDERED** at Jacksonville, Florida, this 27 day of July, 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

3